UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA SINCLAIR, JONATHAN SINCLAIR and ERIC LUNDY ) ) ) | |
| Plaintiffs, ) | Case No. |
| ) | |
| v. ) | |
| ) | Judge |
| POLICE OFFICER SCOTT CARTER, ) POLICE OFFICER BRYAN HARRIS, ) Individually and, ) CITY OF CHICAGO ) ) | Magistrate Judge |
| Defendant. ) | Jury Demand |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, Vanessa Sinclair, Jonathan Sinclair and Eric Lundy by and through their attorney, David S. Lipschultz of Goldberg, Weisman & Cairo, Ltd., and in complaining against the Defendants, Police Officer Scott Carter, in his individual capacity, Police Officer Bryan Harris, in his individual capacity, and City of Chicago, states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. §1983 and §1988), and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendant committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## PARTIES

4.      At all times herein mentioned, the Plaintiff, Vanessa Sinclair (hereinafter "Vanessa"), is a United States citizen and resident of Chicago, Illinois.

5.      At all times herein mentioned, the Plaintiff, Jonathan Sinclair (hereinafter "Jonathan"), is a United States citizen and resident of Chicago, Illinois.

6.      At all times herein mentioned, the Plaintiff, Eric Lundy (hereinafter "Eric"), is a United States citizen and resident of Chicago, Illinois.

7.      At all relevant times herein referenced, Police Officer Scott Carter (hereinafter "Officer Carter"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Carter was engaged in the conduct complained of while in the scope of his employment and under color of law.

8.      At all relevant times herein referenced, Police Officer Bryan Harris (hereinafter "Officer Harris"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Harris was engaged in the conduct complained of while in the scope of his employment and under color of law.

9.      At all times relevant herein, the Defendant, City of Chicago, was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Officer Carter and Officer Harris.

## FACTS COMMON TO ALL COUNTS

10. On or about April 20, 2013, at approximately 5:30 p.m., Vanessa, Jonathan and Eric were all lawfully on the premises of 13201 S. Langley Street in Chicago, Illinois.

11. Officers Carter and Harris responded to an alleged incident occurring on the premises. Vanessa, Jonathan and Eric did not commit any crimes.

12. Without a legal basis, Officers Carter and Harris arrested Vanessa, Jonathan and Eric.

13. Without provocation or cause, Officers Carter and Harris used more force than necessary in restraining and handcuffing Jonathan.

14. After both Eric and Jonathan had been handcuffed and placed in the back of a police vehicle, Officer Carter struck Eric in the face with his baton, causing injury to the side of his face.

15. Eric was refused medical attention by the Defendant Officers Carter and Harris.

## COUNT I – VANESSA SINCLAIR
## SECTION 1983 FALSE ARREST

16. Plaintiff Vanessa Sinclair re-alleges and incorporates the allegations of paragraphs 1 through 15 as her respective allegations of paragraph 16 of Count I as though fully forth herein.

17. Officer Carter and Harris did not have probable cause to arrest the Plaintiff, Vanessa Sinclair.

18. The actions of Officer Carter and Officer Harris violated the Plaintiff, Vanessa Sinclair's, Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

19. As a direct and proximate consequence of said conduct of Officer Carter and Officer Harris, the Plaintiff, Vanessa Sinclair, suffered violations of her constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Vanessa Sinclair, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against Defendants Officer Carter and Officer Harris.

## COUNT II – JONATHAN SINCLAIR
## SECTION 1983 FALSE ARREST

20. Plaintiff Jonathan Sinclair re-alleges and incorporates the allegations of paragraphs 1 through 15 as his respective allegations of paragraph 20 of Count II as though fully forth herein.

21. Officer Carter and Harris did not have probable cause to arrest the Plaintiff, Jonathan Sinclair.

22. The actions of Officer Carter and Officer Harris violated the Plaintiff, Jonathan Sinclair's, Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

23. As a direct and proximate consequence of said conduct of Officer Carter and Officer Harris, the Plaintiff, Jonathan Sinclair, suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Jonathan Sinclair, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against Defendants Officer Carter and Officer Harris.

### COUNT III – ERIC LUNDY
### SECTION 1983 FALSE ARREST

24. Plaintiff Eric Lundy re-alleges and incorporates the allegations of paragraphs 1 through 15 as his respective allegations of paragraph 24 of Count III as though fully forth herein.

25. Officer Carter and Harris did not have probable cause to arrest the Plaintiff, Eric Lundy.

26. The actions of Officer Carter and Officer Harris violated the Plaintiff, Eric Lundy's, Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

27. As a direct and proximate consequence of said conduct of Officer Carter and Officer Harris, the Plaintiff, Eric Lundy, suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Eric Lundy, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against Defendants Officer Carter and Officer Harris.

### COUNT IV – JONATHAN SINCLAIR
### SECTION 1983 EXCESSIVE FORCE

28. Plaintiff Jonathan Sinclair re-alleges and incorporates the allegations of paragraphs 1 through 15 as his respective allegations of paragraph 28 of Count IV as though fully forth herein.

29. The force used by Defendant Officers Carter and Harris upon the Plaintiff, Jonathan Sinclair, was unreasonable, unprovoked, unnecessary and excessive.

30. As a result of the actions and inactions of Officers Carter and Harris, Jonathan Sinclair was injured.

31. Said actions of Officers Carter and Harris were intentional, willful and wanton.

32. Said actions of Officers Carter and Harris violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

33. As a direct and proximate consequence of said conduct of Officers Carter and Harris, the Plaintiff, Jonathan Sinclair, suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Jonathan Sinclair, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against Defendants Officers Carter and Harris.

## COUNT V – ERIC LUNDY
## SECTION 1983 EXCESSIVE FORCE

34. Plaintiff, Eric Lundy, re-alleges and incorporates the allegations of paragraphs 1 through 15 as his respective allegations of paragraph 34 of Count V as though fully forth herein.

35. The force used by Defendant Officer Carter upon the Plaintiff, Eric Lundy, was unreasonable, unprovoked, unnecessary and excessive.

36. As a result of the actions and inactions of Officer Carter, Eric Lundy was injured.

37. Said actions of Officer Carter were intentional, willful and wanton.

38. Said actions of Officer Carter violated the Plaintiff, Eric Lundy's, Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

39. As a direct and proximate consequence of said conduct of Officer Carter, the Plaintiff, Eric Lundy, suffered violations of his constitutional rights, physical injuries, emotional anxiety, fear, pain and suffering, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Eric Lundy, prays for judgment, compensatory damages, punitive damages, and attorney's fees and costs against Defendants Officer Carter.

## COUNT VI
## ILLINOIS LAW CLAIM – INDEMNIFICATION
## AGAINST CITY OF CHICAGO

40. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 39 as their respective allegations of paragraph 40 of Count VI as though fully forth herein.

41. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42. Officer Carter and Officer Harris are or were employees of the City of Chicago and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, Vanessa Sinclair, Jonathan Sinclair and Eric Lundy pray that should this Court enter judgment in his favor and against Officer Carter and Officer Harris, the City of Chicago should be ordered to pay the Plaintiffs any judgment for compensatory damages obtained against Officer Carter and Officer Harris.

**JURY DEMAND**

The Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
IARDC No. 6277910
Goldberg, Weisman & Cairo
One East Wacker Drive
Chicago, IL  60601
(312) 464-1200